IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JE'SEPH D. WALKER, SR. | * | |
|       Plaintiff, | | |
| v. | * | CIVIL ACTION NO. JFM-15-2583 |
| GEORGE HARDINGER-COLONEL | * | |
| STEPHEN REYNOLDS-ASSISTANT | | |
|   WARDEN | * | |
| DENNIS STRINE-MAJOR | | |
| DENNIS HARMON-CAPT. | * | |
|       Defendants. | | |

*****

MEMORANDUM

On September 1, 2015, plaintiff Je'seph Walker, Sr. filed a 42 U.S.C. § 1983 complaint seeking injunctive relief.  Walker, who is a pre-trial detainee housed at the Carroll County Detention Center ("CCDC"), claims that he has been denied copy work of his prepared legal work in his criminal case, CCDC does not have a Lexis-Nexis law program and prisoners only have limited time in the prison law library.  He further complains that although he filed a prison grievance, he was not given a prison grievance number.  ECF No. 1.  Walker's accompanying motion for leave to proceed in forma pauperis shall be granted pursuant to 28 U.S.C. § 1915.

Congress enacted 28 U.S.C. § 1915, the federal in forma pauperis statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992).  In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.' " *Id.* at 31 (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

>(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
>
>(B) the action or appeal-
>
>(i) is frivolous or malicious;
>
>(ii) fails to state a claim on which relief may be granted; or ....

Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. Sections 1915(e)(2) and 1915A(b) permit *sua sponte* dismissal of a complaint that fails to state a claim upon which relief can be granted, which is essentially the same standard found in Fed. R. Civ. P. 12(b)(6). *See McLean v. United States,* 566 F.3d 391, 396 (4th Cir. 2009); *Hill v. Lappin,* 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e) (2)(B)(ii)).

A careful review has been made of the self-represented complaint pursuant to the procedural provisions of 28 U.S.C. §§ 1915 and § 1915A. The court shall dismiss Walker's complaint for failure to state a claim.

It bears noting that Walker is currently proceeding to trial in several criminal cases in the Circuit Court for Carroll County. He is represented by counsel in all seven of his cases.[1]

---

[1] The court has reviewed the state court criminal docket, which shows that in *State v. Walker*, Case No. 06K13044283, Walker is currently awaiting trial on numerous motor vehicle counts. In *State v. Walker*, Case No. 06K13044790, he is currently awaiting trial on theft and motor vehicle counts. In *State v. Walker*, Case No. 06K13044952, Walker is awaiting trial on assault, malicious destruction, resisting arrest, and motor vehicle counts. In *State v. Walker*, Case No. 06K14045454, he is awaiting trial on theft and credit card impersonation, use and theft counts. In *State v. Walker*, Case No. 06K15046356, Walker is awaiting trial on counts of fraud, identity theft, theft, and unlawful and false use of credit card. In *State v. Walker*, Case No. 06K15046357, he is awaiting trial on one count of fraud/identity theft. Finally, in *State v. Walker*, Case No. 06K15046363, Walker is awaiting trial on counts of theft, bad check, and unauthorized removal of property. *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=06K15046363&loc=61&detailLoc=K

Inmates are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977); *see also Hudspeth v. Figgins*, 584 F.2d 1345, 1347 (4th Cir. 1978). In 1996, the Supreme Court clarified the *Bounds* decision by finding that a deprivation of an inmate's right of access to the courts is actionable, but only when the inmate is able to demonstrate actual injury from such deprivation. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996). According to the *Lewis* opinion, the Constitution does not guarantee inmates the ability to litigate every imaginable claim they can perceive, only that they be given the tools necessary "in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Id*. at 355. Further, "prisoners do not do not have a right to free photocopies for use in lawsuits." *Kelly v. York Cnty. Prison,* 325 F. Appx. 144, 145 (3d Cir. 2009) (citations omitted); *Bell Bey v. Toombs,* No. 93–2405, 1994 WL 105900, at *2 (6th Cir. Mar. 28, 1994) ("[T]he law is settled that an inmate does not enjoy a federal constitutional right to unlimited free photocopying services." (citing *Sands v. Lewis,* 886 F.2d 1166, 1169 (9th Cir. 1989); *Wanninger v. Davenport,* 697 F.2d 992, 994 (11th Cir. 1983))).

Walker has failed to set out a colorable access-to-courts claim. He does not have an unfettered constitutional right to free copy work in the absence of showing that defendants' refusal to copy his legal work prevented him from meeting deadlines, otherwise prejudiced him in any pending litigation, or actually impeded his access to the courts. He is represented in state court by counsel and does not indicate why and/or how his limited access to the law library or to a particular legal research engine and the failure to provide him a copy of his self-represented motion or legal paper work hinders him from directly attacking his charges. Given these

circumstances, the court finds that Walker has failed to state a First Amendment access-to-courts claim.

Moreover, to the extent that Walker takes issue with the handling of grievances at the CCDC, his claim fails to set out a colorable constitutional claim. The law in this circuit dictates that no constitutional entitlement or access to grievance procedures is created merely because such procedures are voluntarily established by a state. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).

Because Walker's prisoner civil rights case fails to state a claim, his case shall be dismissed pursuant to 28 U.S.C. § 1915(e). He is hereby notified that he may be barred from filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal under § 1915(e) or Rule 12(b)(6).[2] This constitutes the first § 1915(e) strike to be assessed against Walker. A separate order follows.

Date: September 4, 2015          \_\_/s/_____
                                 J. Frederick Motz
                                 United States District Judge

---

[2]   28 U.S.C. § 1915(g) states as follows:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions in forma pauperis, absent extraordinary circumstances.